[Civ. No. 621.    Third Appellate District.—August 4, 1910.]

## C. E. STEINEGUL, Respondent, v. NORTHERN ELECTRIC COMPANY, Appellant.

Action for Services—Support of Finding—Nature of Employment.— In an action by an assignee of claims for labor performed for the defendant, where the cause was tried by the court, which found that there was no dispute as to the value of the services, and that defendant employed the laborers at an agreed price, and the sole point in dispute was as to the nature of the contract of employment, whether the men were employed directly by the defendant or were employed under a "force contract" by one Howe, who was to furnish the men and pay them, leaving it to the company to pay

Howe, who testified to the contrary, it is held that there is no such inherent improbability in his testimony as would justify its rejection, and require a reversal of the finding sustained by his evidence.

ID.—CONFLICTING EVIDENCE—PROVINCE OF TRIAL JUDGE—CREDIBILITY OF WITNESSES.—The credibility of the witnesses, as well as the matter of reconciling a conflict in the testimony, was matter to be determined by the trial judge; and it is held that there is no warrant in the record for taking from him this responsibility.

ID.—UNDERSTANDING OF LABORERS—BENEFIT OF SERVICES—EMPLOYMENT BY DEFENDANT.—There was evidence that the laborers themselves understood that they were working for the company; and that the defendant received the benefit of their services under an agreement to pay to them the wages charged.

APPEAL from a judgment of the Superior Court of Butte County.  John C. Gray, Judge.

The facts are stated in the opinion of the court.

A. M. Seymour, and F. A. Jones, for Appellant.

Guy R. Kennedy, and Park Henshaw, for Respondent.

CHIPMAN, P. J.—Plaintiff brings the action as assignee of twenty-four separate claims for labor performed by certain Japanese for defendant, aggregating $804.

The cause was tried by the court and plaintiff had judgment, from which defendant appeals on bill of exceptions.

The court found that defendant admitted on the trial of the action "that all of the persons named in the complaint had performed labor for the number of days stated in said complaint." The court also found that the defendant hired said persons at the agreed price of $2 per day for ordinary laborers and $2.50 per day for foremen.

The sole point in dispute is whether the men were employed by the defendant and to be paid by the defendant, or whether the contract of employment was made with one Howe upon what is termed a "force contract"—i. e., Howe to furnish the men and to pay them and the company to pay Howe. No controversy arises over the rate of the wages to be paid, for that fact appeared substantially without conflict, as well as the fact that the men performed the labor claimed in the complaint.

The contention of appellant is that the findings rest mainly upon the testimony of witness Howe, which, it is claimed, was shown by the cross-examination to be "inherently improbable," besides being flatly contradicted by several of defendant's witnesses.

We do not feel disposed to spend much time in a discussion of the testimony. We have carefully read all the evidence and do not discover any such inherent improbability in witness Howe's testimony as would justify its rejection. The contract was made by him, as he testified, for the Japanese by telephone communication with defendant's engineer, Barnes, who had authority to make it. Howe testified that the agreement was that the men were to work for defendant and to be paid by defendant; that there was nothing said at the time about a "force contract," and that he had no interest in the wages and was not to pay the men, nor was he to receive their pay. A telephone operator present in the telephone office when the contract was made corroborated Howe in some particulars. There was evidence that the laborers themselves understood that they were working for the company. There was evidence sharply conflicting with Howe's testimony, and tending to show that the contract was of the class known as a "force contract," and Barnes so testified. But the credibility of the witnesses, as well as the matter of reconciling the conflict in the testimony, was to be determined by the trial judge, and we find no sufficient warrant in the record for taking from him this responsibility.

It is perfectly clear that defendant has received the benefit of the services rendered upon an agreement to pay the wages charged. The court, we think, upon sufficient evidence, held that the agreement was to pay the assignors of plaintiff.

Some errors of law are assigned as occurring in admitting and excluding certain testimony. The court remarked, toward the close of the evidence: "We have tried the case somewhat on broad principles, not according to the rules of the pleadings or rejecting testimony, but more with the idea of getting the true facts in the case."

Some of the rulings indicate that the case was tried upon somewhat too "broad principles," but we think no serious prejudice to defendant resulted. The court succeeded in

"getting the true facts in the case," and that comes pretty near being the ultimate purpose of all trials in courts.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 3, 1910.